UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-21412-CIV  COOKE/BANDSTRA

STONINGTON INSURANCE COMPANY,

    *Plaintiff*,

v.

MOTIVA ENTERPRISES, LLC,

    *Defendant*.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before me on Defendant's Motion to Dismiss for Lack of Jurisdiction [D.E. 12] and Defendant's Motion for Protective Order Staying Discovery [D.E. 13]. The matter has been fully briefed by the Parties, and I have reviewed the arguments, the record, and the relevant legal authority. For the reasons that follow, Defendant's Motion to Dismiss is denied.

### I.  BACKGROUND

This is a diversity action brought by Stonington Insurance Company ("Stonington"), a Texas corporation, for a declaration regarding its duties under an insurance policy it issued. (Compl. ¶¶ 5, 25 [D.E. 1]). Motiva Enterprises, LLC ("Motiva") is the owner of real property in Miami, Florida, which it leased to Panovolta Oil Corporation ("Panovolta") for use as a Shell gas station. (Am. Answer ¶ 6 [D.E. 8]). Stonington issued the insurance policy to Panovolta which named Motiva as additional insured for endorsement. (*Id.* at 7). On March 29, 2008, a shooting took place on the insured premises, leaving two men dead, and a third, Henry Richardson, seriously injured. (*Id.* at 8).

Subsequently, Richardson brought a claim for negligence against Motiva. (Compl. ¶ 12). Richardson reached an arbitration agreement with Panovolta, releasing Panovolta from further action in exchange for a one million dollar award paid from the Stonington policy. (Compl. ¶ 14). Stonington brought the present action on May 26, 2009, seeking a declaration that Richardson's claim against Motiva is not covered under the policy, that the policy limits have been exhausted, and that Stonington is under no further duty to defend or indemnify Motiva. (Compl. ¶ 25).

## II. LEGAL STANDARD

"Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds." *Carmichael v. Kellogg, Brown & Root Serv., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). Where a factual attack is made, the trial court is free to consider matters outside the pleadings, such as testimony and affidavits, in order to determine whether it has the power to hear the case. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quotation and citation omitted). While "a district court has wide discretion to determine the scope of [jurisdictional] discovery, a plaintiff must have ample opportunity to present evidence bearing on the existence of jurisdiction." *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991); *see also In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1312 (11th Cir. 2009) ("In a factual challenge, the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss.") (citation omitted).

District courts have subject matter jurisdiction over actions where the matter in controversy exceeds $75,000 and the parties are diverse. *See* 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by

the citizenship of its members.  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  A corporation, on the other hand, is a citizen of both the state where it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332.  The Eleventh Circuit has adopted the "total activities" test to determine a corporation's principal place of business.  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005).  "This test combines the 'place of activities' test and the 'nerve center' test used by other circuits."  *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005).  The "place of activities" test looks to the location of the majority of the corporation's sales or production activities, while the "nerve center"' test focuses on the location of the corporate offices to determine the principal place of business.  *Id.*  Under the total activities test, a court may give nerve-center related facts greater significance where a company's activities are not concentrated in one place.  *See Sweet Pea*, 411 F.3d at 1248.

### III.  DISCUSSION

Defendant Motiva argues that this Court lacks subject matter jurisdiction under 28 U.S.C. §1332(a)(1) because both it and Plaintiff are citizens of Texas.  As a limited liability company, Motiva's citizenship is determined by the citizenship of its members.  *Rolling Greens*, 374 F.3d at 1022.  One of Motiva's members is TMR Company, a Delaware corporation.  (Def. Mot. to Dismiss 2 [D.E. 12]; Decl. of T.J. Howard [D.E. 12-A]).  According to the Assistant Secretary of Motiva, TMR Company is qualified to do business in 25 states, including Texas, and its principal office is located in Houston, Texas.  (Decl. of T.J. Howard ¶ 7).  Additionally, all of TMR's officers work and reside in Texas.  (*Id.*)  Defendant argues, these facts adequately establish TMR's Texas citizenship, and the lack of complete diversity among the parties.  Plaintiff

counters, Defendant's single declaration is insufficient. Plaintiff further argues, this Court should provide it with an opportunity to discover facts to support diversity jurisdiction.[1] At this juncture, I agree with Plaintiff.

Plaintiff states that it has made an informal request for jurisdictional information from Defendant to no avail. (Pl.'s Resp. 10 [D.E. 15]). Plaintiff also argues that the Declaration of T.J. Howard fails to provide any information upon which this Court could determine TMR's place of activities. (Pl.'s Resp. 9-10). The declaration of T.J. Howard does not specifically state the nature of TMR's business, or where sales and production (if any) take place, just that it "holds an ownership interest in Motiva, as well as an equity interest in another company." The declaration, therefore, provides no basis for me to determine TMR's citizenship under the place of activities test. It would not be appropriate for me to give greater weight to the nerve-center facts unless there are conflicting results under the nerve-center and place of activities test, or unless the company's activities are not concentrated in one place. *See Sweet Pea*, 411 F.3d at 1248. I find that the evidence on record—here, only the declaration of T.J. Howard—does not provide sufficient grounds for me to determine TMR's (and consequently Motiva's) citizenship.

Accordingly, and in an effort to provide Plaintiff with ample opportunity to discover facts that would support this Court's jurisdiction, I am denying Defendant's Motion to Dismiss without prejudice. *See Chatham Condo. Ass'n v. Century Village, Inc.*, 597 F.2d 1002, 1012 (5th

---

[1] Plaintiff also argues that Defendant's Amended Answer should be stricken as legally and procedurally improper because Defendant did not seek leave from this Court prior to amending its Answer. (Pl.'s Resp. 2-3 [D.E. 15]). This argument has no merit. A defendant has twenty days to amend its pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1)(B). In computing the twenty days, the last day of the period should not have been counted because it fell on a Sunday. Fed. R. Civ. P. 6(3).

Cir. 1979)[2] ("dismissal for lack of subject matter jurisdiction prior to trial, and certainly prior to giving the plaintiff ample opportunity for discovery, should be granted sparingly"); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727 (11th Cir. 1982) (finding dismissal prior to completion of jurisdictional discovery to be premature).

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that

1. Motiva's Motion to Dismiss [D.E. 12] is **DENIED** without prejudice.

2. Motiva's Motion for Protective Order Staying Discovery [D.E. 13] is **GRANTED IN PART**. All discovery shall be stayed, except discovery on the jurisdictional issue.

3. The Parties shall file supplemental briefs supporting or contesting this Court's subject matter jurisdiction, including any testimony, affidavits, or other admissible evidence, within sixty days of this order.

**DONE and ORDERED** in Chambers, at Miami, Florida, this 3rd day of December 2009.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*

---

[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).